[No. 12465. Department One. April 12, 1915.]

S. L. CALDWELL, *Respondent*, v. SCHOOL DISTRICT No. 301, COUNTY OF SNOHOMISH, *Appellant*.[1]

SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—RIGHT TO COMPENSATION. Where one employed as superintendent of schools was not entitled to the office because there was no vacancy, but at the same time entered into a regular teacher's contract with the majority of the board to teach in the schools of the district, he is entitled to the contract price for services actually performed by him under the contract as a teacher.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered May 15, 1914, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Cooley & Horan* and *R. Mulvihill*, for appellant.

*Glenn E. Hoover*, for respondent.

MOUNT, J.—The plaintiff brought this action to recover for services alleged to have been performed under a contract with School District No. 301, of Snohomish county, from November 7, 1913, to December 19, of the same year. Upon issues made, the cause was tried to the court without a jury.

[1] Reported in 147 Pac. 637.

Upon the trial the court found in favor of the plaintiff, and entered judgment against the district for the sum of $225. The defendant has appealed.

The appellant argues that the respondent was employed by a majority of the directors of the district to superintend the schools of the district; that because there was no vacancy in that office, the board of directors were not authorized to employ the respondent; and cites *Barry v. Goad,* 89 Cal. 215, 26 Pac. 785, to that effect.

If the facts warranted the conclusion that the respondent was employed only as superintendent, the position of the appellant would no doubt be well founded. But the trial court found:

"That on the 20th day of September, 1913, plaintiff and defendant herein entered into a written contract, according to the terms of which, plaintiff was to teach in the public schools of defendant school district for a term of eight and one-half months at a salary of $150 per month, which contract was approved of and registered in the office of the county superintendent of schools of Snohomish county, and a copy of which is now in possession of defendant."

The court also found that, in the month of October and the first week of November, 1913, the respondent was designated to teach, and did teach, in the 7th grade in the Garfield school in that district, and was paid for his services at the rate of $150 per month. That after November 7, and until December 19, the respondent performed services in the manual training department in the schools, and held himself in readiness to perform this service, or other services as teacher in the schools. That for this service after November 7, the respondent had not been paid.

The contract upon its face shows that the respondent was employed to teach in the schools of the district, and that he and the directors, or a majority thereof, executed the ordinary teacher's contract. There is evidence in the record that the respondent was first employed as superintendent, but the record is clear that he was prevented from assuming the

duties of that office and was thereafter assigned to teach in one of the schools, and subsequently in the manual training department. Having performed the services under a regular contract approved by the county superintendent, he was clearly entitled to payment for such services, not as superintendent, but as a teacher in the district. Under the facts found by the trial court, which are abundantly supported by the evidence, the conclusion necessarily follows that the respondent was entitled to recover the amount which was awarded by the judgment.

We find no substantial merit in the appeal, and the judgment is therefore affirmed.

MORRIS, C. J., PARKER, HOLCOMB, and CHADWICK, JJ., concur.